UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **MARK FULTZ**, | ) |
| Plaintiff, | ) Case No. 2:21-cv-11671 |
| v. | ) |
| **ANN ARBOR HOTEL PROPERTY COMPANY LLC,** a Delaware limited liability company, | ) Judge: |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, Mark Fultz, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Co-Counsel for Plaintiff, hereby files this Complaint against Defendant, ANN ARBOR HOTEL PROPERTY COMPANY LLC, a Delaware limited liability company, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Mark Fultz, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the

United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Mark Fultz ("Plaintiff" or "Mr. Fultz"), is a Florida resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. ANN ARBOR HOTEL PROPERTY COMPANY LLC owns or operates a place of public accommodation, a hotel known as Hampton Inn Ann Arbor-South, is located at 925 Victors Way, Ann Arbor, MI 48108 in Washtenaw County. Plaintiff has patronized and has been a guest at Defendant's hotel located therein as a place(s) of public accommodation.

6. Upon information and belief, the hotel owned and operated by Defendant is non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facility as a hotel, which constitutes a place of public accommodation, fails to comply with the ADA

and its regulations, as also described further herein.

7. Mr. Fultz is an individual who, as a result of a stroke, is paralyzed on the right side of his body. He uses a manual wheelchair for mobility and can occasionally walk short distances with the use of a cane.

8. Raised in Michigan, Mr. Fultz has relatives including his son, daughter, grandchildren, and cousins in suburban Detroit. His son lives and works in Ann Arbor while his daughter resides between Ann Arbor and Detroit. Plaintiff frequents many establishments in the Washtenaw County region and has been a customer at the property that forms the basis of this lawsuit on multiple occasions.

9. Mr. Fultz patronized the Defendant's hotel while in town to visit with his grandchildren and to attend his grandson's hockey and baseball games. While staying as an overnight guest from June 2nd to June 3rd, 2021 at Defendant's place of public accommodation, Mr. Fultz encountered architectural barriers at the subject property that violate the ADA and its regulations. These barriers to access have endangered his safety and protected access to Defendant's place of public accommodation.

10. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the

      premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26,

1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of the hotel owned by Defendant has shown that many violations of the ADA exist, whose remedy is readily achievable. These violations include, but are not limited to:

Parking and Accessible Routes

    A. There are cracks and changes in level on the surface of the designated accessible parking spaces and the spaces had excess slope, in violation of the ADA whose remedy is readily achievable.

    B. Designated accessible parking spaces entirely lack adjacent access aisles, in violation of the ADA whose remedy is readily achievable.

    C. The designated van accessible parking space does not meet the required dimensions and lacks an access aisle, in violation of the ADA whose remedy is readily achievable.

    D. There is no accessible route from the designated accessible parking to the hotel entrance partly due to curbs, vehicular ways, and non-compliant ground surface walkways with excess slope up to 7%, in violation of the ADA whose remedy is readily achievable.

    E. There are cracks and changes in level along the accessible route to the hotel entrance, in violation of the ADA whose remedy is readily achievable.

    F. There is no marked access aisle in the vehicle pull-up space at the hotel entrance, in violation of the ADA whose remedy is readily achievable.

Lobby Restrooms

    G. The restroom door requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

    H. The lobby restroom doors require over 5lbs of pressure to operate, in violation of the ADA whose remedy is readily achievable.

    I. The men's restroom water closet is located too far away from the side wall to the centerline of the water closet, in violation of the ADA whose remedy is readily achievable.

    J.  The clear floor space around the water closet is blocked by the lavatory and is therefore not required or sufficient clear floor space of 60 inches, in violation of the ADA whose remedy is readily achievable.

    K.  The toilet paper dispenser is not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

    L.  The men's restroom entirely lacks a rear grab bar, in violation of the ADA whose remedy is readily achievable.

    M.  The clear floor space to approach the paper towel dispenser in the men's restroom is blocked by a trash receptacle, in violation of the ADA whose remedy is readily achievable.

    N.  The men's restroom mirror is located higher than 40 inches from the finish floor to the reflective surface, in violation of the ADA whose remedy is readily achievable.

    O.  Upon information and belief, the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

<u>Designated Accessible Guestroom #126</u>

    P.  Designated accessible room signage lacks the international symbol of accessibility and tactile Braille, in violation of the ADA whose remedy is readily achievable.

    Q.  There is no maneuvering clearance at the latch side to exit the guestroom, in violation of the ADA whose remedy is readily achievable.

    R.  The fixed bench in the roll-in shower does not meet the required dimensions, in violation of the ADA whose remedy is readily achievable.

    S.  The shower controls are not located on the back wall, in violation of the ADA whose remedy is readily achievable.

    T.  The handheld shower sprayer is located above allowable reach range, in violation of the ADA whose remedy is readily achievable.

    U.  The roll-in shower contains missing and non-compliant grab bars, in violation of the ADA whose remedy is readily achievable.

    V.  The water closet entirely lacks a rear grab bar, in violation of the ADA whose remedy is readily achievable.

    W.  The towel rack impedes use of the side grab bar around the water closet, in violation of the ADA whose remedy is readily achievable.

X.  There is not required maneuvering clearance around the bed, in violation of the ADA whose remedy is readily achievable.

Y.  The microwave in the guestroom is located above allowable reach range, in violation of the ADA whose remedy is readily achievable.

Z.  The drawer hardware in the guestroom requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

AA.  The wardrobe hangers and closet storage where extra blankets are kept exceed allowable reach range, in violation of the ADA whose remedy is readily achievable.

BB.  The restroom door from the hallway does not have required 60 inches of perpendicular pull clearance, in violation of section 404.2.4.1 and Figure 404.2.4.1 of the 2010 Standards whose remedy is readily achievable.

Designated Accessible Guestroom #426

CC.  Designated accessible room signage lacks the international symbol of accessibility and tactile Braille, in violation of the ADA whose remedy is readily achievable

DD.  There is no maneuvering clearance at the latch side to exit the guestroom, in violation of the ADA whose remedy is readily achievable.

EE. There is not required maneuvering clearance around the bed, in violation of the ADA whose remedy is readily achievable.

FF. The microwave in the guestroom requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

GG.  The towel hook on the bathroom door is located above allowable reach range, in violation of the ADA whose remedy is readily achievable.

HH.  The drawer hardware in the guestroom requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

II.  The wardrobe hangers, water bottles and ice buckets, and other amenities are located in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

JJ.  The towel rack impedes use of the side grab bar around the water closet, in violation of the ADA whose remedy is readily achievable.

KK.  There is no rear grab bar around the water closet, in violation of the ADA whose

    remedy is readily achievable.

LL. The water closet seat height is below the allowable range, in violation of the ADA whose remedy is readily achievable.

MM. The bathtub faucet controls are not located between the centerline and the open side of the tub, in violation of the ADA whose remedy is readily achievable.

NN. The fixed bathtub seat is too far from the handheld shower spray and faucet controls, in violation of the ADA whose remedy is readily achievable.

OO. The bathtub contains non-compliant grab bars, in violation of the ADA whose remedy is readily achievable.

PP. The restroom door from the hallway does not have required 60 inches of perpendicular pull clearance, in violation of section 404.2.4.1 and Figure 404.2.4.1 of the 2010 Standards whose remedy is readily achievable.

Guestrooms

QQ. The hotel's designated accessible guestrooms are not disbursed among the various classes of guestrooms, whereas the property offers two full size bed rooms, one king bed rooms, one queen bed rooms, one king bed study with sofabed. Each offers varying square footage and amenities. However, guests who require accessible accommodations are restricted to fewer room classes and guestroom amenities, which upon information ad believes includes strictly one double bed, whereas able-bodied patrons and guests have access to reserve and stay at the full range of room classes. This is in violation of the ADA and its remedy is readily achievable.

RR. Upon information and belief the Hampton Inn Ann Arbor - South has a legally insufficient total number of hotel guestrooms fitted with mobility accessible features. Whereas, for a property with 149 guestrooms such as this hampton, there must be a minimum of 5 mobility accessible guestrooms without a roll-in shower and a minimum of 2 of mobility accessible guestrooms with a roll-in shower, totaling 7 designated mobility accessible guestrooms.

SS. Upon information and belief, as well as of review of published photos by hotel management, Mark Fultz believes substantially similar barriers to handicap access for the mobility impaired exist in all guestrooms that are designated as mobility accessible guestrooms throughout the hotel (not just rooms 126 and 426). Including the other roll-in shower fitted mobility accessible guestrooms and bathtub fitted mobility accessible guestrooms.

Access to Goods and Services

TT. The machines in the fitness room were not spaced 36 inches apart for access by

      disabled patrons, in violation of the ADA whose remedy is readily achievable.

UU. There are amenities in the fitness room, including towels and an emergency phone, that are located above the allowable reach range, in violation of the ADA whose remedy is readily achievable.

VV. The door to the fitness room requires over 5lbs of pressure to operate, in violation of the ADA whose remedy is readily achievable.

WW. The registration counter does not have a lowered portion for use by customers with disabilities, in violation of the ADA whose remedy is readily achievable.

XX. Items in the self-serve pantry and in the breakfast area are located above allowable reach range, in violation of the ADA whose remedy is readily achievable.

YY. There are not accessible dining surfaces in the breakfast area whereas 5% should be, in violation of the ADA whose remedy is readily achievable.

ZZ. Interior doors throughout the building exceed 5lbs of pressure to operate, in violation of the ADA whose remedy is readily achievable.

AAA. The Guest laundry does not have required clear floor space for a front approach to any of the machines, in violation of the ADA whose remedy is readily achievable.

BBB. The night access buzzer and key card are located in excess of permitted, lawful reach range above the finish floor, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures

CCC. The Defendant lacks or has inadequate defined policies and procedures for the benefit and assistance of disabled patrons and guests, including a policy for maintaining its accessible features.

DDD. The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Mark Fultz.

15. The discriminatory violations described in Paragraph 14 by Defendant are not an exclusive list of the ADA violations at the place of public accommodation owned and operated by Defendant. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to photograph and measure *all* of the discriminatory acts

violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

16. Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17. The facility at issue, as owned by ANN ARBOR HOTEL PROPERTY COMPANY LLC is a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq*. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

19. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law

    and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the hotel, including those set forth herein.

20. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
### VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
### M.C.L. § 37.1301 *et seq.*

21. Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22. Defendant ANN ARBOR HOTEL PROPERTY COMPANY LLC's hotel is a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

23. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, in particular, the Defendant has failed to create safe and lawful accessible routes from parking to the hotel entrance and failed to provide an accessible guestroom with a compliant roll-in shower. This risks Mr. Fultz and others' safety.

24. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to

disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
Monroe, MI (734) 240-0848
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica (0083812) *
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 654-1622
Email:  valeriefatica@gmail.com
*Admitted to practice in the Eastern District of Michigan